**Opinion filed December 16, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00060-CR

_____

**JOSHUA LEE OWEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR26631**

## M E M O R A N D U M   O P I N I O N

Appellant, Joshua Lee Owen, was indicted for aggravated assault with a deadly weapon in March of 2019, a second-degree felony offense. TEX. PENAL CODE ANN. § 22.02 (West Supp. 2021). The State also filed an enhancement allegation based on a prior felony conviction. *See id.* § 12.42. Appellant initially entered a plea of not guilty to the charged offense, but later changed his plea to no contest. He also pleaded "Not True" to the enhancement allegation. After a unified bench trial,

the trial court found Appellant guilty of the charged offense, found the enhancement allegation to be not true, and sentenced him to twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's trial counsel filed a notice of appeal and a motion to withdraw, which the trial court granted. The trial court appointed appellate counsel, who later filed a motion for new trial, which the trial court denied.

Appellant raises a single issue on appeal: that trial counsel provided constitutionally deficient representation by failing to investigate evidence of Appellant's psychiatric illnesses and that there was a reasonable probability of a different outcome at trial absent trial counsel's deficient representation. We affirm.

## I. *Factual Background*

Appellant's underlying conviction stemmed from a domestic dispute in which he threatened his girlfriend, Sharon Wagner, with a seventeen-inch Bowie knife. During the punishment phase of the trial, Wagner testified about the details of the assault. She also testified that she understood Appellant was a paranoid schizophrenic and a drug addict.

After voir dire, Appellant's trial counsel announced that Appellant had decided to proceed with a bench trial and that Appellant intended to change his plea from not guilty to no contest. As a result of this announcement, the trial court questioned Appellant about several matters, including his mental health status. Appellant stated to the trial court that he had been schizophrenic since he was fifteen; he also stated that he suffered from bipolar disorder and that he was a manic depressive. Appellant had been diagnosed and treated by MHMR. Appellant told the trial court that he was neither incompetent nor insane and that he believed he was able to make rational decisions. Appellant's trial counsel also stated, when asked by the trial court, that he did not believe Appellant was incompetent.

Appellant's trial counsel also stated that he had visited with Appellant at length and that they had discussed Appellant's mental health issues. Trial counsel stated that Appellant's mental health records had been subpoenaed and were expected to arrive the next day. The records did arrive later, but Appellant's trial counsel did not offer them into evidence during the punishment phase of the trial.

## II. *Standard of Review*

We review an ineffective-assistance-of-counsel claim under a two-part standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). To prevail on a claim of ineffective assistance of counsel, Appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007) (citing *Strickland*, 466 U.S. at 687). This requires a showing that trial counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that the result of the trial would have been different but for trial counsel's errors. *Id.*; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 687–88). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694.

## III. *Analysis*

Appellate review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza*, 213 S.W.3d at 348 (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance-of-counsel claim on direct appeal. *Id.* (citing *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002)); *Thompson*, 9 S.W.3d

at 813–14 (to defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness"). The record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Bone*, 77 S.W.3d at 833. As such, if trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.").

During trial, Appellant's trial counsel advised the trial court that Appellant's mental issues would be strategically used as mitigation evidence during the punishment phase, rather than for the purposes of either suggesting incompetency or raising an insanity defense. Trial counsel stated that there was "no doubt in [his] mind" that Appellant was competent to stand trial. Further, Appellant told the trial court that he understood and agreed with his trial counsel's strategy. The trial court thoroughly questioned Appellant and his attorney and explained the consequences of asserting a plea of no contest before it accepted Appellant's plea.

The MHMR records are not in the appellate record and, therefore, are not before us. Thus, because the record must affirmatively demonstrate the ineffectiveness alleged by Appellant, we cannot determine whether trial counsel's strategic decision —not to use or offer Appellant's MHMR records during any phase of the proceedings—constituted deficient performance. *Thompson*, 9 S.W.3d at 813. The evidence presented during the punishment phase was overwhelmingly detrimental to Appellant. Further, the victim, Appellant's former girlfriend, testified

4

that she did not believe Appellant would adhere to any recommended mental health treatment, that any such treatment could not cure him, and that, if allowed to go free, he would be a danger to her or to others. The decision of Appellant's trial counsel not to draw further attention to Appellant's extensive mental health records and history was a reasonable strategy based on the circumstances, especially in light of the State's enhancement allegation of a prior felony conviction that had occurred when Appellant was under the care of MHMR for mental health issues. *See Rylander*, 101 S.W.3d at 110 ("[J]udicial scrutiny of counsel's performance must be highly deferential and . . . a reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" (quoting *Strickland*, 466 U.S. at 689)).

Based on the record before us, we cannot conclude that trial counsel's performance was deficient. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

December 16, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.